**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **JANE DOE**, *proceeding by pseudonym* | ) | |
| | ) | |
| Plaintiff, | ) | Civ. Action No.: |
| | ) | 5:23-cv-1452 (BKS/ML) |
| v. | ) | |
| | ) | |
| **SIGMA CHI INTERNATIONAL FRATERNITY,** | ) | |
| **INCORPORATED**, et al.; | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF'S EX PARTE MOTION FOR LEAVE TO PROCEED**
<u>**UNDER PSEUDONYM "JANE DOE"**</u>

# TABLE OF CONTENTS

TABLE OF AUTHORITIES………………………………………………………………..ii

INTRODUCTION…………………………………………………………………………...1

FACTUAL BACKGROUND………………………………………………………………...1

LEGAL STANDARD………………………………………………………………………..4

ARGUMENT………………………………………………………………………………...6

    A.  Factor 1: The Facts Central to This Litigation Involve Highly Sensitive and Personal
        Matters…………………………………………………………………………………6

    B.  Factors 2, 3, and 4: Plaintiff and Her Minor Child are Vulnerable and at Risk of
        Retaliatory Mental, Emotional, and Reputational Harm from the Disclosure of Plaintiff's
        True Name…………………………………………………………………………………7

    C.  Factor 5: While Plaintiff is Challenging the Actions of Private Parties, this Case is
        Analogous to One Challenging a Governmental Defendant and Public Policies…………8

    D.  Factor 6: Defendants Will Not Be Prejudiced if Plaintiff Proceeds Pseudonymously...…..9

    E.  Factor 7: Plaintiff is not Known to the Public and Has Maintained Confidentiality…….10

    F.  Factor 8: Disclosing Plaintiff's Identity Does Not Further Public Interest……………...10

    G.  Factor 10: Alternative Mechanisms……………………………………………………...11

CONCLUSION……………………………………………………………………………...11

set

# TABLE OF AUTHORITIES

Cases                                                                                                  Page(s)

*Doe v. AMDA, Inc.*, No. 16-cv-101, 2016 US Dist. LEXIS 23001, at *2
    (S.D.N.Y. Feb 25, 2016)……………………………………..……………………………6

*Doe v. City of NY*, No. 15-CV-117, 2016 US Dist. LEXIS 16344, at *13
    (S.D.N.Y. Feb. 4, 2016)…………………………………………………..…………...10

*Doe v. Colgate Univ.*, No. 15-cv-1069 (LEK/DEP), 2016 US Dist. LEXIS 48787, at * 6
    (N.D.N.Y. Apr. 12, 2016)………………………………………………………………6

*Doe v. Gooding*, No. 20-cv-06569 (PAC), 2022 US Dist. LEXIS 68607, at *11
    (S.D.N.Y. Apr. 13, 2022)………………………………………………………………10

*Doe v. Hagenbrook*, 870 F.3d 36, n.2 (2d Cir. 2017)……………………………………...…6

*Doe v. Smith*, No. 19-CV-1121, 2019 US Dist. LEXIS 205707, at *3-4
    (N.D.N.Y. Nov. 27, 2019)………………………………………………………..…...6

*Doe v. Syracuse Univ.*, No. 18-CV-0496, 2018 US Dist. LEXIS 154899
    (N.D.N.Y. Sep. 10, 2018)………………………………………………………...6, 10

*Doe v. Trustees of Columbia Univ. in NY*, No. 18-cv-07831, 2018 US Dist.
    LEXIS 184310 (S.D.N.Y. Oct. 26, 2018)……………………………………………6

*Doe No. 2 v. Kolko*, 242 F.R.D. 193, 199 (E.D.N.Y. 2006)………………………….6, 8, 9

*Lawson v. Rubin*, No. 17-cv-6404, 2017 US Dist. LEXIS 237868, at *6
    (E.D.N.Y. Nov. 8, 2017)………………………………………………...……...7, 10

*Sealed Plaintiff v. Sealed Defendant # 1*, 537 F.3d 185, 191 (2d Cir. 2008)……………...1, 4, 5, 9

## INTRODUCTION

Plaintiff seeks permission to proceed under the pseudonym "Jane Doe" in this litigation, which is timely under the Adult Survivors Act ("ASA"), C.P.L.R. § 214-j. Plaintiff brings negligence and related claims against Syracuse University ("Syracuse" or "the University") and the Sorority and Fraternity Defendants,[1] as well as claims for sexual assault, battery, and intentional infliction of emotional distress against Defendant John Roe.

While Rule 10 of the Federal Rules of Civil Procedure generally provides that all parties be named in the caption of a complaint, the Second Circuit has recognized important exceptions to this rule, particularly in cases, such as this one, which involve sexual assault and concrete risks of psychological harm and retaliation. *See Sealed Plaintiff v. Sealed Defendant* # 1, 537 F.3d 185, 191 (2d Cir. 2008). The Second Circuit applies a balancing test, weighing ten non-exhaustive factors in determining whether a party may proceed pseudonymously. As discussed more extensively below, these factors weigh heavily in Plaintiff's favor.

## FACTUAL BACKGROUND

As a college freshman in August 1991, shortly after arriving to campus at Syracuse, Plaintiff applied for and accepted a bid to join the Omicron Chapter of Delta Delta Delta sorority ("Tri Delta"). (*See* First Amended Compl. ("FAC") ¶ 9.) To celebrate the sorority's new pledges, Tri Delta and the Psi Psi Chapter of Sigma Chi Fraternity, Incorporated ("Psi Psi") co-sponsored

---

[1] The following Defendants are collectively referred to as the "Fraternity Defendants": Sigma Chi International Fraternity, Incorporated; the Psi Psi Chapter of Sigma Chi Fraternity, Incorporated, which is being sued through its president and treasurer; Sigma Chi Foundation; and 737 Comstock Avenue, Inc. The following Defendants are collectively referred to as the "Sorority Defendants": Delta Delta Delta and Omicron Chapter of Delta Delta Delta, which is being sued through its president and treasurer.

a bid event at Psi Psi's fraternity house, which was closed to the public and fueled with

champagne, a trash can filled with 190 proof grain alcohol, and a thermos of "special punch"

secretly drugged with ecstasy. (*Id.* ¶ 10.) Plaintiff was given and consumed the champagne and

punch, and quickly became intoxicated and disoriented. (*Id.* ¶ 11.) A short time later, in an

upstairs bedroom of the fraternity house, Defendant Montalto raped Plaintiff.[2] (*Id.*) Plaintiff

managed to get away by climbing down a fire escape. (*Id.*) The next day, she went to the

University Health Services – where an examination confirmed sexual penetration – reported the

assault to the police, and had a rape examination at a local hospital. (*Id.* ¶ 12.)

To Plaintiff's surprise and severe distress, her allegations of sexual assault were reported

on the front page of the campus newspaper four days after the assault. (*Id.* 13; Konidaris Decl.,

Ex. 1, ¶ 6.) Plaintiff crumpled on the floor upon reading the article and retreated to her dorm

room confused and alone. (FAC ¶ 13; Konidaris Decl., Ex. 1, ¶ 7.) Tri Delta was sanctioned, and

Tri Delta members blamed and retaliated against her for putting them and their chapter at risk

and pressured her to leave. (FAC ¶ 13; Konidaris Decl., Ex. 1, ¶¶ 8-10.) Other Tri Delta

members who had been raped but had kept quiet shunned Plaintiff for not doing the same. (FAC

¶ 86; Konidaris Decl., Ex. 1, ¶ 10)

---

[2] Although she knows Defendant Montalto's identity, Plaintiff referred to him by the pseudonym
"John Roe" in her original Complaint (ECF No. 1) in the event he elected, like Plaintiff, to seek
leave to proceed by pseudonym. Plaintiff also submitted a proposed summons for "John Roe"
when she filed her original Complaint. Plaintiff originally intended to include with this Motion a
request that she be permitted to name and refer to Defendant Montalto by "John Roe" in this
litigation until such time as he had appeared and taken a position on the issue. However, on
November 20, 2023, the Clerk's Office notified Plaintiff, via ECF, that it would not issue a
summons for service of process on a John Doe defendant. Plaintiff accordingly has amended her
Complaint, pursuant to F.R.C.P. 15(a)(1)(A), and filed an updated proposed summons,
identifying Defendant Montalto by his true name, so that she can serve him with process in this
case.

As a result of the backlash and her resultant distress, Plaintiff declined to press forward with her criminal complaint.  (FAC ¶ 87; Konidaris Decl., Ex. 1, ¶ 11.) Following her sophomore year, Plaintiff withdrew from the University altogether. (FAC ¶¶ 18, 87; Konidaris Decl., Ex. 1, ¶ 12.) For the next thirty years of her life – and the entirety of her adult life – Plaintiff has privately had to contend with the ongoing trauma from the rape and its aftermath. (*See e.g.* Konidaris Decl., Ex. 1, ¶¶ 13-16.) Plaintiff has been diagnosed with anxiety, depression, and Post-Traumatic Stress Disorder, and Plaintiff and her treating therapist have well-grounded concerns that proceeding by her true name will trigger severe episodes of her mental trauma, including depression, and negatively impact the progress Plaintiff has made to address the trauma. (Konidaris Decl., Ex. 1, ¶ 14; *Id.*, Ex. 2, ¶¶ 5, 13.)

Plaintiff also fears that because of the nature of her claims and allegations in this lawsuit, if her identity were to become public, she or her family could be a target for online and other forms of harassment from members or supporters of the Greek Life community. (*Id.*, Ex. 1, ¶ 20.) Plaintiff's fears are reasonable given that Tri Delta is one of the largest, oldest, and most powerful sororities in the country, with 138 active chapters and 222 alumni chapters operating on college campuses throughout North America. (Comp. ¶ 19.) Some of its members already engaged in shaming and retaliation when they first learned that Plaintiff was sexually assaulted. (*Id.* ¶¶ 13, 85; Konidaris Decl., Ex. 1, ¶ 10.) Similarly, the fraternity Sigma Chi has approximately 244 active chapters and 152 alumni chapters operating on college campuses throughout the United States and Canada. (FAC ¶ 19.)

Plaintiff's fears of retaliation are concrete and are not simply fears of general public backlash. Here, Plaintiff asserts novel and consequential legal claims against the Fraternity and Sorority Defendants, which, if established in this case, could help tear down legal shams created

by Greek entities and provide recourse for victims of sexual assault against Greek organizations. Success in this lawsuit will invariably compel such organizations to change their policies, practices, and even their corporate structure.

For example, Plaintiff alleges that by design and plan, chapters, such as Defendant Sigma Chi's Psi Psi Chapter and Tri Delta's Omicron Chapter at Syracuse University, are knowingly and intentionally controlled, formed, overseen, and undercapitalized by the Fraternity and Sorority Defendants to defeat valid legal theories preemptively and so that the chapters and their members neither own, hold, nor, through applicable insurance coverage, have meaningful assets to cover the anticipated claims of creditors like Plaintiff in this case. (FAC ¶¶ 117, 129.) Plaintiff further alleges that this scheme has also enabled Defendants Sigma Chi and Tri Delta to avoid instituting safety and risk-management reforms among their chapters, despite the fact that their misconduct was rated so severe that, in the case of fraternities, their commercial insurance companies refused to insure them any further. (*Id.* ¶¶ 3, 139.)

Finally, Plaintiff also seeks to proceed by pseudonym to protect her minor child. (Konidaris Decl., Ex. 1, ¶ 19.) Plaintiff's child is an innocent non-party in this matter who would likely face retaliation, harassment, and ridicule if Plaintiff were publicly identified in connection with this lawsuit.

## LEGAL STANDARD

While parties to a lawsuit are generally required to be named, Fed. R. Civ. P. 10(a), the Second Circuit has recognized important exceptions to this rule. *See Sealed Plaintiff,* 437 F.3d 185, 190 (2d Cir. 2008). In determining whether a party may proceed pseudonymously, the Second Circuit applies a balancing test, weighing the plaintiff's concerns with anonymity with both "the public interest in disclosure and any prejudice to the defendant." *Id.* at 189.

The ten non-exhaustive factors set forth in *Sealed Plaintiff* that courts examine to determine whether a plaintiff may proceed under pseudonym are:

1)  whether the litigation involves matters that are highly sensitive and of a personal nature;

2)  whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties;

3)  whether identification presents other harms and the likely severity of those harms;

4)  whether the plaintiff is particularly vulnerable to the possible harms of disclosure;

5)  whether the suit is challenging the actions of the government or that of private parties;

6)  whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;

7)  whether the plaintiff's identity has thus far been kept confidential;

8)  whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity;

9)  whether, because of the purely legal nature of the issues presented or otherwise, there is an atypical weak public interest in knowing the litigants' identities; and

10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*See Sealed Plaintiff,* 537 F.3d at 190. In addition, the Second Circuit emphasized that district courts may consider "other factors relevant to the particular case." *Id.*

# ARGUMENT

The highly sensitive nature of the sexual assault in this case, accompanied by other factors, including that Plaintiff has a minor child, strongly support Plaintiff's request to proceed anonymously. In this case, consideration of the first, second, third, fourth, fifth, sixth seventh, eighth, and tenth *Sealed Plaintiff* factors weigh in favor of Plaintiff's request for anonymity.

## A. Factor 1: The Facts Central to This Litigation Involve Highly Sensitive and Personal Matters

Cases involving campus sexual assault and rape are highly sensitive and personal by nature and courts in this Circuit and others have frequently allowed victims and survivors to proceed by pseudonym. *See, e.g., Doe v. Hagenbrook*, 870 F.3d 36, n.2 (2d Cir 2017) (discussing district court's decision to allow campus rape victim to proceed by pseudonym against two superior officers for failures in responding and preventing sexual assault at military college); *Doe v. Smith,* No. 19-CV-1121, 2019 US Dist. LEXIS 205707, at *3-4  (N.D.N.Y. Nov. 27, 2019) (allowing adult campus sexual assault victim to proceed anonymously); *Doe v. Trustees of Columbia Univ. in N.Y.*, No. 18-cv-07831 (PAC), 2018 US Dist. LEXIS 184310 (S.D.N.Y. Oct. 26, 2018) (permitting adult sexual assault victim to proceed pseudonymously); *Doe v. AMDA, Inc.*, No. 16-cv-101, 2016 US Dist. LEXIS 23001, at *2 (S.D.N.Y. Feb. 25, 2016) (allowing adult sexual assault victim to sue drama academy pseudonymously); *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 199 (E.D.N.Y. 2006) (allowing adult sexual assault victim to proceed anonymously against religious leaders); *Doe v. Syracuse Univ.*, No. 18-CV-0496, 2018 US Dist. LEXIS 154899 (N.D.N.Y. Sep. 10, 2018) (allowing male students accused of racism, sexism, anti-Semiticism, and homophobia in connection with a fraternity ritual to proceed anonymously); *Doe v. Colgate Univ.*, No. 15-cv-1069, 2016 US Dist. LEXIS 48787, at * 6 (N.D.N.Y. Apr. 12, 2016) (allowing anonymity in campus assault case and noting that "the Court finds that

protecting the anonymity of sexual assault victims and those accused of committing sexual

assault can be an important safeguard to ensure that the due process rights of all parties are

protected.").

This case involves very intimate details of campus hazing, rape, and the lifelong mental

health challenges that have plagued Plaintiff as a result. The highly sensitive and personal

matters involved in this litigation weigh heavily in favor of allowing Plaintiff to proceed

anonymously.

> **B.** **Factors 2, 3, and 4: Plaintiff and Her Minor Child are Vulnerable and at Risk of Retaliatory Mental, Emotional, and Reputational Harm from the Disclosure of Plaintiff's True Name**

As soon as the campus newspaper revealed the details of Plaintiff's sexual assault

without her knowledge or permission, leading to Tri Delta's sanction, Plaintiff was shunned,

humiliated, and retaliated against by Tri Delta members on campus. Isolated and distressed, she

ultimately withdrew from Syracuse after her sophomore year. The same emotional harm and

fragility caused her to forego pursuing the criminal complaint she had filed and forego filing

civil claims within the then-applicable statute of limitations. Plaintiff reasonably fears that if her

identity is revealed in connection with this consequential litigation, which could lay the

foundation to force Greek organizations to fundamentally reform the way they are organized and

managed, she will face retaliation. She fears for her mental health and her ability to care for her

family, including her minor child. (Konidaris Decl., Ex. 1, ¶ 19; *Id.*, Ex. 2, ¶¶ 10-11.)

In addition, Plaintiff also fears for the safety, health, and well-being of her minor child,

who is an innocent non-party in this case. (*Id.*, Ex. 1, ¶ 20; *Id.*, Ex. 2, ¶ 11.) Courts have

recognized harm to a plaintiff's family as a reason militating in favor of anonymity. *See Lawson*,

2017 US Dist. LEXIS 237868, at *6 (allowing anonymity where one plaintiff "has a young child

and another states that she is raising older children, all of whom could be affected if plaintiffs'
identities were revealed.") This factor weighs in favor of allowing Plaintiff to proceed
pseudonymously.

### C. Factor 5: While Plaintiff is Challenging the Actions of Private Parties, this Case is Analogous to One Challenging a Governmental Defendant and Public Policies

Generally, "whether the defendants are governmental entities is significant because a
challenge to governmental policy ordinarily implicates a public interest and the government has
less of a concern with protecting its reputation than a private individual." *Doe No. 2 v Kolko*, 242
FRD at 195. While the Defendants in this litigation are an individual and several private entities,
factors that generally disfavor a plaintiff seeking anonymity, Plaintiff is challenging major
national Greek organizations, their corporate structures, their methods of operating, and their
policies. (*See, e.g.,* FAC ¶¶ 136-169.) These organizations are arguably more pervasive than
many local governmental entities as they are located and operating on hundreds of college
campuses, and their life-long members are scattered throughout the country, including in local
and national political and governmental entities,[3] businesses, and every other aspect of social
life. Indeed, this is what these organizations promise as being advantages of membership.

This litigation potentially exposes the Fraternity and Sorority Defendants to liability for
sexual assaults and other acts of dangerous misconduct that occur in their chapters and is thus
"more analogous to one involving a governmental defendant where the private concerns are
outweighed by the overriding public interest in regulating the conduct at issue." *Id.* at 196. If
successful, this case could irrevocably alter the landscape of how Greek organizations may be

---

[3] Indeed, Sigma Chi currently boasts on its website that "[t]he ranks of Sigma Chis now include
titans of industry, celebrities, political leaders, husbands, fathers, brothers and many more." (*See*
https://sigmachi.org/home/what-is-sigma-chi/.)

held accountable for their unprecedented incidents of sexual violence, injuries, and death. The claims in this litigation, if successful, could alter the legal structures by which these organizations operate as they would no longer be permitted to create legal shams for the purpose of defeating the anticipated valid claims of creditors, e.g., persons injured by their dangerous misconduct. Consequently, Plaintiff's case "raise[s] concerns affecting a larger association rather than the interest of an individual plaintiff," militating in favor of Plaintiff's anonymity in this case. *Id.* at 195.

### D. Factor 6: Defendants Will Not Be Prejudiced if Plaintiff Proceeds Pseudonymously

The sixth factor also weighs in favor of permitting Plaintiff to proceed anonymously. That factor examines whether a defendant would be prejudiced by permitting a plaintiff to proceed by pseudonym and "whether the nature of that prejudice (if any) differs at any particular stage of the litigation." *Sealed Plaintiff,* 537 F.3d at 190.

Here, Defendants would not be prejudiced if Plaintiff is permitted to proceed anonymously. Plaintiff's counsel will disclose her identity to the Court under seal[4] and to the Defendants under a stipulated protective order or a similar confidentiality agreement, so that Defendants may freely conduct discovery. While Defendants would need to take measures not to disclose Plaintiff's identity, that would not result in prejudice to them. *See, e.g.*, *Kolko,* 242 F.R.D. at 198 ("Other than the need to make redactions and take measures not to disclose plaintiff's identity, defendants will not be hampered or inconvenienced merely by plaintiff's anonymity in court papers.").

---

[4] Concurrently with this Motion, in accordance with L.R. 5.3, Plaintiff is filing an application for leave to file under seal a declaration from Plaintiff's counsel identifying Plaintiff by her true name.

Moreover, the Court will have discretion to revisit any ruling permitting Plaintiff to proceed by pseudonym should any of the Defendants raise legitimate concerns of prejudice as this case proceeds. *See, e.g.*, *Doe v. Gooding*, No. 20-cv-06569, 2022 US Dist. LEXIS 68607, at *11 (S.D.N.Y. Apr. 13, 2022) (granting adult sexual assault victim anonymity, noting that "the Court's decision does not resolve the pseudonym issue for all time" and may be revisited at trial); *Lawson*, 2017 US Dist. LEXIS 237868, at *6 (granting motion to proceed by pseudonym "subject to further review by the Court at subsequent stages of the litigation, if necessary"); *Doe v. City of NY*, No. 15-CV-117, 2016 US Dist. LEXIS 16344, at *13 (S.D.N.Y. Feb. 4, 2016) (granting anonymity to sexual assault victims, noting "Defendants may move to revisit the issue of Plaintiff's anonymity before the case proceeds to trial.")

### E.  Factor 7: Plaintiff is not Known to the Public and Has Maintained Confidentiality

Although Plaintiff reported the rape almost immediately after it happened and the report was covered in the campus newspaper, Plaintiff's name was not publicly revealed in connection with the report. Thus, Plaintiff has maintained confidentiality in this case, which weighs in favor of her request to proceed by pseudonym. *See Doe v. Syracuse Univ.*, 2018 U.S. Dist. LEXIS 154899, *22-23 (Sept. 18, 2018) (finding in favor of anonymity even where plaintiffs' identities were revealed on social media and were well known to the Syracuse community, since plaintiffs' identities did not appear to be more "generally known.")

### F.  Factor 8: Disclosing Plaintiff's Identity Does Not Further Public Interest

Campus assault is a matter of public concern, and Plaintiff alleges that her sexual assault is part of a long-standing pattern of sexual violence involving the Fraternity Defendants and a foreseeable result of how they are negligently structured and managed. The First Amended

Complaint identifies at least sixteen reported sexual assault cases, many involving numerous Sigma Chi members and multiple victims. (*See* FAC ¶ 76.) It is in the public's interest for victims, like Plaintiff, to be able to bring lawsuits like this one to seek accountability without fear of suffering personal, professional, or familial hardship or public backlash. Such fear is particularly acute for Plaintiff who, as an 18-year-old freshman, was blamed and retaliated against by Tri Delta members after allegations of her sexual assault were reported on the front page of the campus newspaper. In response, Plaintiff abandoned her criminal complaint and ultimately withdrew from the University. Thus, this factor favors Plaintiff.

### G. Factor 10: Alternative Mechanisms

Finally, there are no alternative mechanisms for safeguarding Plaintiff's identity in this case, a factor weighing in favor of Plaintiff's request to proceed anonymously.[5]

### CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that she be allowed to proceed under pseudonym in this case.

Dated: November 21, 2023                    Respectfully submitted,

                                            THE FIERBERG NATIONAL LAW
                                            GROUP, PLLC

                                            Respectfully submitted,

                                            Olympias Iliana Konidaris
                                            305 Broadway, Seventh Floor
                                            New York, New York 10007
                                            T: (347) 504-0220
                                            ikonidaris@tfnlgroup.com

---

[5] Factor 9 asks whether this matter is of a purely legal nature. As it is not, this factor does not weigh in favor of Plaintiff.

Douglas E. Fierberg*
Jonathon N. Fazzola*
201 E. 17th Street, Suite A
Traverse City, MI 49684
T: (231) 933-0180
F: (231) 252-8100
dfierberg@tfnlgroup.com
jfazzola@tfnlgroup.com
*pro hac vice motions to be filed

*Attorneys for Plaintiff*