IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **JANE DOE,** *proceeding by pseudonym* ) <br> ) <br>     **Plaintiff,**    ) <br> ) <br> ) <br> **v.**    ) <br> ) <br> **SIGMA CHI INTERNATIONAL FRATERNITY,**   ) <br> **INCORPORATED, et al.**   ) <br> ) | **Civ. Action No.:** <br> **5:23-cv-1452 (BKS/ML)** |

### CONSENT PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT

The parties to the above-captioned action (each a "party" and, together, "the parties") acknowledge and agree that during the course of discovery it may be necessary to produce or disclose confidential, sensitive, or proprietary, health, personal, FERPA-, or HIPAA-protected information (collectively referred to as "Confidential Information"), and that such Confidential Information should be treated as confidential, protected from disclosure outside of this litigation, and used only for the purposes of prosecuting or defending this action and any appeals. Accordingly, the parties jointly request entry of a protective order and confidentiality agreement to limit the disclosure, dissemination, and use of Confidential Information.

For good cause shown under Rule 26 of the Federal Rules of Civil Procedure, this Court grants the parties' Joint Motion for Protective Order and **ORDERS** that the following Consent Protective Order and Confidentiality Agreement ("Protective Order" or "Order") shall govern the production or disclosure of Confidential Information to ensure the continued confidentiality thereof.

1

**PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action may involve production of confidential, proprietary, or private personal identifying information (including electronically stored information or "ESI") and documentation such as, by way of illustration but not limitation: Social Security or taxpayer-identification numbers, dates of birth, names of parties to whom the Court has granted leave to proceed anonymously, names of minor children, financial account numbers, home addresses, sensitive information involving personal financial, medical, matrimonial, or family matters, employment records of individuals, information protected by the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g *et. seq.*, ("FERPA") and/or the Health Insurance Portability and Accountability Act, 42 U.S.C. § 1320d *et. seq.*, ("HIPAA"), and proprietary information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled to protection pursuant to Fed. R. Civ. P. 26. Except as otherwise provided herein or in a separate Order from the Court, nothing in this Order shall preclude any person or entity from disclosing or using, in any manner or for any purpose, any information or document if: (a) that information or document is lawfully obtained without confidentiality restrictions from a third party, or (b) that information or document belongs to, or is the property of, the party intending to disclose or use that information or document outside of this litigation (though such use for purposes outside of this litigation may cause such information or document to lose its protected or confidential status).

**TERMS**

1.  This Protective Order shall govern the production or disclosure of any document or

information designated as "Confidential Information" and produced by a party or its agent ("Producing Party") to another party ("Receiving Party") during the course of discovery, pretrial proceedings, or trial in this action, including all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, interrogatory answers, documents, and other discovery materials, whether produced informally, as part of settlement or mediation discussions and/or negotiations, or in response to interrogatories, requests for admissions, requests for production of documents, or other formal method of discovery.  In addition, the parties agree and acknowledge that Confidential Information may be produced by non-parties and designated as "Confidential Information" by any party or non-party in accordance with the terms of this Protective Order.

2. In connection with discovery proceedings in this action, any party may designate any non-public document, material, or information as "CONFIDENTIAL."

> "<u>CONFIDENTIAL</u>" means non-public testimony, information, documents, and data that constitute confidential, sensitive, proprietary, health or personal, or FERPA- or HIPAA-protected information, including the names of minor children and the names of parties to whom the Court has granted leave to proceed anonymously in this action.

Information shall not be designated as "CONFIDENTIAL" if the content or substance thereof (a) is, at the time of disclosure, generally available to the public in print or other tangible form through no act or failure to act on the part of the Receiving Party, or (b) becomes, at any time, though no act or failure to act on the part of the Receiving Party, generally available to the

public in print or other tangible form. The parties and non-parties shall make a good faith effort to designate information so as to provide the greatest level of disclosure possible, but still preserve confidentiality as appropriate.

   3. Confidential Information produced in documentary form shall be designated CONFIDENTIAL by stamping the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" at the bottom of each page of the document that contains protected material. Although each page of a confidential document and its attachments should be marked, it shall be assumed that a confidential designation on the first page of a document indicates the same confidential designation for the entire document and its attachments, unless otherwise noted. If only a portion or portions of the material on a page qualifies for protection, the protected portion(s) must be clearly identified (e.g., by making appropriate markings in the margins, but not over text). Any party may designate any portion or all of a deposition as Confidential Information by notifying the other parties on the record during the deposition or in writing within fifteen (15) days of the receipt of the official (final form) transcript. The parties shall automatically treat all information disclosed at a deposition as CONFIDENTIAL from the time of the deposition to fifteen (15) days after receipt of the official transcript, unless counsel for the parties and the deponent expressly agree otherwise. For information produced in some form other than documentary form, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL – SUBJECT

TO PROTECTIVE ORDER." If only portions of the information or item warrant protection, the Designating Party, to the extent practicable, shall identify the CONFIDENTIAL portions.

4. All Confidential Information as defined herein shall be used solely for the purpose of this action and shall not be used for any other purpose.

    A. Confidential Information that has been designated CONFIDENTIAL shall be disclosed only to:

        (1) The attorneys of record in this action and their employees or contractors who are assisting them in this action, such as investigators, litigation assistants, paralegals, and secretarial and other clerical personnel;

        (2) Independent experts who have been retained by the party or its attorneys for this action, provided that each independent expert first executes an "Acknowledgement" attached as Exhibit A;

        (3) The parties (including officers, directors, in-house attorneys, employees, student members, or advisors of the parties) who require the information to assist in or evaluate this action, provided that they are advised of the provisions of this Protective Order;

        (4) The Court and persons associated with or employed by the Court whose duties require access to the information;

(5) For documents that have been designated CONFIDENTIAL, the author of the document, any person identified as a recipient of the document on its face, or any person who actually received it;

(6) Any witness or deponent during the course of his, her, or its deposition in the action, and any witness or potential witness who any counsel of record believes in good faith should be shown Confidential Information in connection with the prosecution or defense of claims in the case provided that each such witness, potential witness, or deponent is advised of the provisions of this Protective Order;

(7) Any witness testifying at the trial of this matter;

(8) The officer taking, reporting or videotaping a deposition and employees of such officer to the extent necessary to prepare the transcript of the deposition;

(9) Litigation support services, including outside copying services and companies engaged in the business of supporting computerized or electronic litigation discovery or trial preparation, retained by a Party or its counsel for the purpose of assisting that Party in this action, for whom a company representative has signed the "Acknowledgement" attached as Exhibit A;

    (10) Any mediator or arbitrator appointed by the Court or selected by mutual agreement of the parties, and the mediator or arbitrator's secretarial and clerical personnel; and

  5. The parties agree to designate Confidential Information in good faith. If any party objects to the designation of any information or document as Confidential Information (the "Challenged Materials"), the party shall so state the objection by letter or statement on the record ("Notice") to counsel for the person making the designation. Any such Notice shall identify with specificity the Challenged Material to which the objection is directed. The objecting party is not required to immediately object to a confidentiality designation, and failure to immediately object does not waive the right to object to a designation in the future. Within ten (10) business days of providing Notice, the Party that elects to initiate a challenge to a confidentiality designation must confer directly with counsel for the Designating Party (and counsel for the Designating Party must make themselves reasonably available for this conference during this time frame). In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party at least five (5) business days to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. If the status of the Challenged Materials cannot be resolved within twenty (20) business days after the time Notice is provided, the objecting party may file an appropriate motion requesting that the Court rule that the Challenged Materials should not be subject to the protection invoked. Although the Designating Party shall have the burden of

proving the appropriateness of the designation, the Challenged Materials will be treated in accordance with the challenged designation pending the Court's ruling on such motion.

6. Where only a part of the Confidential Information furnished or produced by a party or a part of the transcript of any deposition is designated as CONFIDENTIAL, counsel for each Receiving Party shall redact Confidential Information before disclosing such Confidential Information or transcript to any person other than qualified persons as designated in Paragraph 4.

7. Redactions from any information, material, or transcript in accordance with the terms of this Protective Order shall not affect the admissibility of any such information, material, or transcript as evidence in this action.

8. If any Confidential Information is discussed or quoted at any deposition, all persons other than qualified persons as designated in Paragraph 4 shall first execute an "Acknowledgement" attached as Exhibit A or shall be excluded from such portion of the deposition.

9. Any Party that intends to file a document with the Court that has been designated, in whole or part, as CONFIDENTIAL, shall first file an application seeking leave to file the document, or the portion of the document, as applicable, under seal in accordance with the procedures set forth in Local Rule 5.3. No document shall be filed under seal except pursuant to a court order that authorizes the sealing of the particular document or portion of the document.

10. If a third party or non-party witness provides deposition testimony or documents in this litigation, including pursuant to a subpoena, such third party may designate such information as Confidential Information in the same manner as if the third party or non-party witness were a

party to this action and this Order. In addition, any party may likewise choose to designate any deposition testimony or documents provided by a third party or non-party witness as Confidential Information if the testimony or documents qualify as CONFIDENTIAL under the terms of this Protective Order.  All parties will treat such information or documents as Confidential Information pursuant to the terms of this Protective Order.

11. Notwithstanding anything herein to the contrary, if a Producing Party discovers that Confidential Information has been inadvertently produced without being marked with the appropriate designation, the Producing Party may notify the Receiving Parties and require the Receiving Parties to retrieve and return any unmarked or incorrectly marked Confidential Information, and to substitute therefore appropriately marked Confidential Information, provided that the Producing Party notifies the Receiving Parties promptly after learning of such inadvertent failure.  Upon receipt of such notification from the Producing Party, the Receiving Parties shall not thereafter disclose any such Confidential Information to any persons who are not qualified persons as designated in Paragraph 4.  However, the Receiving Parties shall have no liability with respect to any prior disclosure or use of such Confidential Information done prior to receiving notice of an inadvertent disclosure and provided that such use is otherwise consistent with the terms of this Protective Order.

12. In the event of an inadvertent disclosure of Confidential Information by a Receiving Party, the Receiving Party shall upon learning of the disclosure:

    A. immediately notify the person or persons to whom the disclosure was made that it contains Confidential Information subject to this Protective Order;

  B. immediately make all reasonable efforts to recover the information as well as preclude further dissemination or use by the person or persons to whom disclosure was inadvertently made, including by requesting such person or persons to execute the "Acknowledgment" that is attached as Exhibit A; and

  C. within five (5) days upon learning of the disclosure, notify the Producing Party of the identity of the person or persons to whom disclosure was inadvertently made, the circumstances surrounding disclosure, the steps taken to recover the information, and the steps taken to insure against the dissemination or use of the information.

13. If data or information have been extracted from a document which is subsequently designated as Confidential Information pursuant to Paragraph 11 above, to the extent possible and where necessary, the extracted information and/or data will be expunged promptly and not used. However, to the extent that, prior to being notified of the inadvertent mis-designation of documents or Confidential Information, a Receiving Party uses in good faith such information and/or data in documents filed with the Court or at depositions, the Receiving Party will have no obligation to expunge such information and/or data from or otherwise to alter, any such documents filed with the Court.

14. If a Producing Party inadvertently discloses to the Receiving Parties documents or information that is privileged or otherwise immune from discovery, said Producing Party shall promptly, upon discovery of such disclosure, so advise the Receiving Parties in writing and request that the documents items containing the information be returned or destroyed, and no party to this

action shall thereafter assert that such disclosure waived any privilege or immunity.  The Receiving Party will immediately return the documents or information or items containing the information requested (including any copies thereof as well as any notes or other materials reflecting the content of any such document or item) and refrain from any use of such document or information.  The Receiving Parties having returned such inadvertently produced item or items of information may, however, without asserting waiver because of inadvertent production, seek production of any such documents or information in accordance with the Federal Rules of Civil Procedure and  Local Civil Rules.

15. This Protective Order pertains only to Confidential Information provided by the party or third-party producing it and does not limit the use or disclosure of materials which have been obtained by any party from any other source lawfully possessing such information and not in violation of any obligation of confidentiality with respect thereto.

16. The parties agree that the terms of this Protective Order shall survive any settlement, discontinuance, dismissal, judgment, or other disposition of this action.  Within ninety (90) days of the final conclusion or final settlement of this litigation and any appeal thereof, all persons subject to the terms hereof shall destroy or assemble and return to the Producing Party all Confidential Information; except that the parties' counsel of record may retain one archival copy of court filings and one copy of deposition and trial transcripts (including one copy of exhibits thereto) containing Confidential Information.  Any such materials will otherwise remain subject to this Protective Order.  Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order

otherwise directs. In addition, and subject to any further orders of the Court, the Court shall have and retain jurisdiction over the parties, the non-parties who have signed an Acknowledgement, their respective attorneys, and all persons to whom the Protective Order has been disclosed for the purpose of enforcing the terms of this Protective Order or redressing any violation thereof.

17. Nothing in this Protective Order shall prevent any party from disclosing its own information that it has designated as Confidential Information, as it deems appropriate, and any such disclosure shall not be deemed a waiver of any party's obligations under this Protective Order except as provided by law. This paragraph shall not be construed to extinguish or modify any prior stipulation or order.

18. Nothing herein shall prevent any party, on notice to the other parties, from applying to the Court for a modification of this Protective Order, nor do the parties waive any right to seek relief from the Court from any provision of this Protective Order at any time.

19. Entering into this Protective Order, producing or receiving Confidential Information, or otherwise complying with the terms of this Protective Order shall not prejudice in any way the rights of a Producing Party to object to the production of information on any other grounds, including but not limited to, grounds of irrelevance, disproportionality, or privilege.

20. Nothing in the foregoing provisions of this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material, or relief from this Protective Order with respect to particular material designated hereunder.

21. Each of the parties named above and their counsel of record undertakes to abide by and be bound by these provisions and to use due care to see that these provisions are known and adhered to by those under its supervision or control. Nothing in this Protective Order shall bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any Confidential Information.

22. The parties agree that this Protective Order complies with the privacy rules under HIPAA, see 45 CFR § 164.512(e), and FERPA, see 20 U.S.C. § 1232g.  Specifically, the parties agree, and the Court orders, that the parties and any non-party witness may produce and disclose protected health information and "education records," as that term is defined by FERPA, in response to a subpoena, discovery request, or other lawful process, or in connection with a mediation process or settlement discussions, and that such protected health information and education records shall only be produced and shall be kept confidential consistent with the terms of this Protective Order.  The parties agree that they are prohibited from using or disclosing any protected health information or education records produced or disclosed herein for any purpose other than this action.  In addition, the parties also agree that, at the conclusion of this action, any protected health information or education records produced or disclosed, shall either be returned to the person or persons who produced it or destroyed by the parties.

23. Nothing in this Protective Order shall preclude the parties, the parties' attorneys of record, or any of the individuals described in Paragraph 4(A)(1) from referencing or referring to the name of a party when interviewing non-parties who may have information relevant to the parties' claims or defenses. Notwithstanding the foregoing, if the name of any party to whom the
13

Court has granted leave to proceed anonymously is disclosed in any such interview, the individual being interviewed shall be advised during the interview that the party at issue has been granted leave of court to proceed by pseudonym and has not been publicly identified as a party in this action.

24.     It is the intention of the parties that documents produced by the parties prior to the entry of this Protective Order may be designated as Confidential Information after the entry of this Order by so designating such documents within thirty (30) days of the entry of this Order.

**SO ORDERED**, this the ____ day of _____, 2024.

_____

**EXHIBIT A**

**ACKNOWLEDGEMENT AND AGREEMENT TO BE
BOUND BY PROTECTIVE ORDER**

    I acknowledge that I have received, have read, and understand the Protective Order ("Order") in the above-captioned action. I am familiar with the provisions of the Order and agree to be bound by it. I agree not to copy or to use any Confidential Information for any purpose other than those necessary for me to perform my duties in connection with the instant action and I agree not to reveal any or all such Confidential Information to any person not authorized by this Order.

    I further acknowledge and understand that for any violation of the provisions of said Order I am subject to the penalties of the Court and any and all penalties imposed upon me by law. I submit to the jurisdiction of the U.S. District Court for the Northern District of New York for the purpose of enforcement of the Order and waive any and all objections to jurisdiction and venue regarding the same.

Dated: _____          _____
                                              [printed name]

                                              _____
                                              [signature]