**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **JANE DOE**, *proceeding by pseudonym* | |
| Plaintiff, | |
| vs. | Civil Action No. 5:23-cv-1452-BKS-ML |
| **SIGMA CHI INTERNATIONAL FRATERNITY, INCORPORATED**, individually, and as an agent and alter ego of: Psi Psi Chapter of Sigma Chi Fraternity at Syracuse University; Sigma Chi Foundation, Inc.; and 737 Comstock Avenue, Inc.; | **DEFENDANT MICHAEL MONTALTO'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| and | |
| **LUKE ROGERS** and **ETHAN HIRSH**, in their capacity as President and Treasurer, respectively, for and on behalf of the unincorporated association operating at Syracuse University as the PSI PSI CHAPTER OF SIGMA CHI FRATERNITY, individually and as agent and alter ego of: Sigma Chi International Fraternity, Inc.; Sigma Chi Foundation; and 737 Comstock Avenue, Inc.; | |
| and | |
| **SIGMA CHI FOUNDATION**, as agent and alter ego of: Sigma Chi International Fraternity, Inc.; Psi Psi Chapter of Sigma Chi Fraternity; and 737 Comstock Avenue, Inc.; | |
| and | |
| **737 COMSTOCK AVENUE, INC**., individually, and as agent and alter ego of: Sigma Chi International Fraternity, Inc.; Psi Psi Chapter of Sigma Chi Fraternity; and Sigma Chi Foundation; | |
| and | |
| **DELTA DELTA DELTA**, individually, and as agent and alter ego of: Omicron Chapter of Delta Delta Delta operating at Syracuse | |

University; and Omicron House Corporation of Delta, Delta, Delta;

and

**CLAIRE HARRIS** and **EMMA SPADEA**, in their capacity as President and Treasurer, respectively, for and on behalf of the unincorporated association operating at Syracuse University as the OMICRON CHAPTER OF DELTA DELTA DELTA, individually, and agent and alter ego of: Delta Delta Delta; and Omicron House Corporation of Delta Delta Delta;

and

**SYRACUSE UNIVERSITY**;

and

**MICHAEL MONTALTO**, individually and as a member and agent of Sigma Chi Fraternity and the Psi Psi Chapter,

Defendants.

Defendant, Michael Montalto ("Montalto" or "Defendant") by his attorneys, Lynn Occhipinti LLP, as and for his Answer to Plaintiff Jane Doe's ("Plaintiff" or "Doe") First Amended Complaint dated November 20, 2023 (the "Amended Complaint"), states as follows. Defendant denies any and all statements contained in the Amended Complaint's section headings or otherwise outside the numbered paragraphs therein.

## INTRODUCTION

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Amended Complaint.

2. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Amended Complaint.

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Amended Complaint.

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Amended Complaint.

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Amended Complaint.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Amended Complaint.

7. With respect to the allegations contained in Paragraph 7 of the Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief as to when Tri Delta was established but admits that it operated through its Omicron Chapter and had its own building on campus.

8. Defendant admits the allegations in Paragraph 8 of the Amended Complaint.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Amended Complaint.

10. With respect to the allegations contained in Paragraph 10 of the Amended Complaint, Defendant denies the allegations in Paragraph 10, except admits that Tri Delta and Sigma Chi co-sponsored a recruiting event at the Fraternity Defendants' chapter house.

11. With respect to the allegations contained in the first sentence of Paragraph 11 of the Amended Complaint, Defendant denies knowledge or information as to what Plaintiff consumed and whether, or how quickly, "Plaintiff became intoxicated." With respect to the remaining allegations contained

in Paragraph 11 of the Amended Complaint, Defendant admits only that Defendant initially interacted with Plaintiff in the downstairs portion of the Fraternity Defendants' Chapter house, after which Plaintiff agreed to accompany Defendant to his upstairs room where they engaged in kissing and other sexual contact, all of which was permitted, wanted, welcomed and consented to until Plaintiff informed Defendant that she wanted to stop, had a boyfriend and wanted to go, after which Defendant acceded to Plaintiff's request, they each got dressed and he accompanied her to an outdoor staircase which she used to leave the premises. Defendant denies the remaining allegations contained in Paragraph 11 of the Amended Complaint and specifically denies that he raped Plaintiff or penetrated her vagina with his penis, and states further that he lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the last two sentences of Paragraph 11 of the Amended Complaint.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Amended Complaint.

13. With respect to the allegations contained in Paragraph 13 of the Amended Complaint, Defendant admits that The Daily Orange published an article on September 23, 1991 regarding alleged sexual abuse at a fraternity event. With respect to the remaining allegations contained in Paragraph 13 of the Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Amended Complaint.

## **JURISDICTION AND VENUE**

15. As the allegations contained in Paragraph 15 of the Amended Complaint call for a legal conclusion, no response is necessary. To the extent a response is required, Defendant denies the

allegations contained in Paragraph 15 of the Amended Complaint and respectfully refers all questions of law to the Court.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Amended Complaint.

17. As the allegations contained in Paragraph 17 of the Amended Complaint call for a legal conclusion, no response is necessary. To the extent a response is required, Defendant denies the allegations contained in Paragraph 17 of the Amended Complaint and respectfully refers all questions of law to the Court, except admits that Plaintiff purports to bring this action pursuant to the New York Adult Survivor's Act ("ASA").

## THE PARTIES

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Amended Complaint.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Amended Complaint.

20. As the allegations contained in the first sentence of Paragraph 20 of the Amended Complaint call for a legal conclusion, no response is necessary. To the extent a response is required, Defendant denies the allegations contained in the first sentence of Paragraph 20 of the Amended Complaint and respectfully refers all questions of law to the Court. With respect to the remaining allegations contained in Paragraph 20 of the Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Amended Complaint.

22. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Amended Complaint.

23. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Amended Complaint.

24. As the allegations contained in the first sentence of Paragraph 24 of the Amended Complaint call for a legal conclusion, no response is necessary. To the extent a response is required, Defendant denies the allegations contained in the first sentence of Paragraph 24 of the Amended Complaint and respectfully refers all questions of law to the Court. With respect to the remaining allegations contained in Paragraph 24 of the Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

25. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Amended Complaint.

26. Defendant admits the allegation contained in Paragraph 26 of the Amended Complaint.

27. With respect to the allegations contained in Paragraph 27 of the Amended Complaint, Defendant denies the allegations, including the specific allegation that he raped Plaintiff, except admits that Defendant is a resident of the state of Connecticut, attended Syracuse University as an undergraduate student, and was a member of Defendant Sigma Chi.

**THE UNPRECEDENTED DANGERS OF SEXUAL MISCONDUCT AND THE MISUSE OF ALCOHOL WITHIN FRATERNITY HOUSES AND AT FRATERNITY AND SORORITY EVENTS WERE KNOWN BY THE FRATERNITY AND SORORITY DEFENDANTS PRIOR TO WHEN PLAINTIFF WAS RAPED**

28. The allegations contained in Paragraph 28 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required from this answering Defendant. To the extent an answer is required, Defendant denies that Plaintiff was raped, and otherwise lacks knowledge

or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

29. The allegations contained in Paragraph 29 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required from this answering Defendant. To the extent an answer is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

30. The allegations contained in Paragraph 30 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required from this answering Defendant. To the extent an answer is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

31. The allegations contained in Paragraph 31 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required from this answering Defendant. To the extent an answer is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

32. The allegations contained in Paragraph 32 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required from this answering Defendant. To the extent an answer is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

33. The allegations contained in Paragraph 33 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required from this answering Defendant. To the extent an answer is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

34. The allegations contained in Paragraph 34 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required from this answering Defendant. To the extent an answer is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

35. The allegations contained in Paragraph 35 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required from this answering Defendant. To the extent an answer is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

36. The allegations contained in Paragraph 36 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required from this answering Defendant. To the extent an answer is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

37. The allegations contained in Paragraph 37 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required from this answering Defendant. To the extent an answer is required, Defendant lacks knowledge or information sufficient to form a belief as

to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

38. The allegations contained in Paragraph 38 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required from this answering Defendant. To the extent an answer is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

39. The allegations contained in Paragraph 39 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required from this answering Defendant. To the extent an answer is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

40. The allegations contained in Paragraph 40 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required from this answering Defendant. To the extent an answer is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

41. The allegations contained in Paragraph 41 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required from this answering Defendant. To the extent an answer is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

42. The allegations contained in Paragraph 42 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required from this answering Defendant. To the extent an answer is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

43. The allegations contained in Paragraph 43 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required from this answering Defendant. To the extent an answer is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

44. The allegations contained in Paragraph 44 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required from this answering Defendant. To the extent an answer is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

45. The allegations contained in Paragraph 45 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required from this answering Defendant. To the extent an answer is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

46. The allegations contained in Paragraph 46 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required from this answering Defendant. To the extent an answer is required, Defendant lacks knowledge or information sufficient to form a belief as

to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

47. The allegations contained in Paragraph 47 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required from this answering Defendant. To the extent an answer is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

**SYRACUSE UNIVERSITY UNDERTOOK THE OBLIGATIONS TO PROMOTE FRATERNITIES AND SORORITIES, PROVIDE THEM OFFICIAL UNIVERSITY RECOGNITION, OVERSEE THEIR OPERATIONS, AND ENCOURAGED STUDENTS TO JOIN THESE ORGANIZATIONS AND RESIDE IN GREEK HOUSING**

48. The allegations contained in Paragraph 48 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required from this answering Defendant. To the extent an answer is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

49. The allegations contained in Paragraph 49 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required from this answering Defendant. To the extent an answer is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

50. The allegations contained in Paragraph 50 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required from this answering Defendant. To the extent an answer is required, Defendant lacks knowledge or information sufficient to form a belief as

11

to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

51. The allegations contained in Paragraph 51 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required from this answering Defendant. To the extent an answer is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

52. The allegations contained in Paragraph 52 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required from this answering Defendant. To the extent an answer is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

53. The allegations contained in Paragraph 53 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required from this answering Defendant. To the extent an answer is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

54. The allegations contained in Paragraph 54 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required from this answering Defendant. To the extent an answer is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

55. The allegations contained in Paragraph 55 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required from this answering Defendant. To the extent an answer is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

56. The allegations contained in Paragraph 56 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required from this answering Defendant. To the extent an answer is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

57. The allegations contained in Paragraph 57 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required from this answering Defendant. To the extent an answer is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

58. The allegations contained in Paragraph 58 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required from this answering Defendant. To the extent an answer is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

59. The allegations contained in Paragraph 59 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required from this answering Defendant. To the extent an answer is required, Defendant lacks knowledge or information sufficient to form a belief as

to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

60.  The allegations contained in Paragraph 60 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required from this answering Defendant.  To the extent an answer is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

61.  The allegations contained in Paragraph 61 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required from this answering Defendant.  To the extent an answer is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

62.  The allegations contained in Paragraph 62 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required from this answering Defendant.  To the extent an answer is required, Defendant denies the allegation that Plaintiff was raped, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

63.  The allegations contained in Paragraph 63 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required from this answering Defendant.  To the extent an answer is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

64.  The allegations contained in Paragraph 64 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required from this answering Defendant.  To the extent an answer is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

65.  The allegations contained in Paragraph 65 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required from this answering Defendant.  To the extent an answer is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial. Defendant further respectfully refers the Court to the "Clery Act" for its full content, meaning and application, if any, herein.

66.  As the allegations contained in Paragraph 66 of the Amended Complaint call for a legal conclusion, no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and respectfully refers all questions of law to the Court.

67.  As the allegations contained in Paragraph 67 of the Amended Complaint call for a legal conclusion, no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and respectfully refers all questions of law to the Court.

68.  As the allegations contained in Paragraph 68 of the Amended Complaint call for a legal conclusion, no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and respectfully refers all questions of law to the Court.

69.  The allegations contained in Paragraph 69 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required from this answering Defendant.  To the extent an answer is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

70.  The allegations contained in Paragraph 70 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required from this answering Defendant.  To the extent an answer is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

71.  The allegations contained in Paragraph 71 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required from this answering Defendant.  To the extent an answer is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

72.  The allegations contained in Paragraph 72 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required from this answering Defendant.  To the extent an answer is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

73.  The allegations contained in Paragraph 73 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required from this answering Defendant.  To the extent an answer is required, Defendant lacks knowledge or information sufficient to form a belief as

to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

### A PARTIAL HISTORY OF THE ALLEGATIONS MADE AGAINST SIGMA CHI, ITS CHAPTERS AND MEMBERS INVOLVING DANGEROUS MISCONDUCT AND MISMANAGEMENT RESULTING IN SEXUAL VIOLENCE AGAINST WOMEN

74. The allegations contained in Paragraph 74 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required. To the extent a response is necessary, Defendant denies the allegation that Plaintiff was raped and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

75. The allegations contained in Paragraph 75 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required. To the extent a response is necessary, Defendant denies the allegation that Plaintiff was raped and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

76. With respect to the allegations contained in Paragraph 76 of the Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and respectfully refers the Court to alleged public records allegedly summarized in this paragraph for their complete content, meaning and application, if any, herein.

### PLAINTIFF IS RENDERED INCAPACITATED AND RAPED AFTER BEING ENCOURAGED AND PRESSURED TO CONSUME ALCOHOL IN A DANGEROUS RECRUITING AND BID RITUAL

77. With respect to the allegations contained in Paragraph 77 of the Amended Complaint, Defendant denies the allegations, except admits that the Omicron Chapter co-sponsored an event with the Psi Psi Chapter on September 19, 1991.

78. With respect to the allegations contained in Paragraph 78 of the Amended Complaint, Defendant denies the allegations, except admits that the event was held on the premises of the Psi Psi Chapter.

79. Defendant denies the allegation contained in Paragraph 79 of the Amended Complaint.

80. Defendant denies the allegations contained in Paragraph 80 of the Amended Complaint.

81. With respect to the allegations contained in the first sentence of Paragraph 81 of the Amended Complaint, Defendant denies knowledge or information as to what Plaintiff consumed and whether, or how quickly, "Plaintiff became "intoxicated."  With respect to the remaining allegations contained in Paragraph 81 of the Amended Complaint, Defendant admits only that he initially interacted with Plaintiff in the downstairs portion of the Fraternity Defendants' Chapter house, after which Plaintiff agreed to accompany Defendant to his upstairs room where they engaged in kissing and other sexual contact, all of which was permitted, wanted, welcomed and consented to until Plaintiff informed Defendant that she wanted to stop, had a boyfriend, and wanted to go, at which time Defendant acceded to Plaintiff's request, they each got dressed and he accompanied her to an outdoor staircase which she used to leave the premises. Defendant denies the remaining allegations contained in Paragraph 81 of the Amended Complaint and specifically denies that he raped Plaintiff or penetrated her vagina with his penis.

82. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 of the Amended Complaint. Defendant denies the allegation that he raped Plaintiff or penetrated her vagina with his penis.

83. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 of the Amended Complaint.

84. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 of the Amended Complaint, except admits that The Daily Orange published an article on September 23, 1991 regarding alleged sexual abuse at a fraternity event.

85. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 of the Amended Complaint.

86. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 of the Amended Complaint.

87. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 of the Amended Complaint.

88. Defendant denies the allegations contained in Paragraph 88 of the Amended Complaint and specifically denies the allegation that Plaintiff was raped.

## DUTIES OF CARE UNDERTAKEN BY THE FRATERNITY AND SORORITY DEFENDANTS UNDER THE UNIVERSITY'S CODE OF STUDENT CONDUCT AND OTHERWISE

89. With respect to the allegations contained in Paragraph 89 of the Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and respectfully refers the Court to the Syracuse University Code of Student Conduct ("the Code") and "Minimum Standards for Recognition of Syracuse University's Social Greek Letter Organizations" for their complete content, meaning and application, if any, herein.

90. The allegations contained in Paragraph 90 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

91. With respect to the allegations contained in Paragraph 91 of the Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and respectfully refers the court to the Syracuse University Code of Student Conduct ("the Code") for its complete content, meaning and application, if any, herein.

92. With respect to the allegations contained in Paragraph 92 of the Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and respectfully refers the court to the Syracuse University Code of Student Conduct ("the Code") for its complete content, meaning and application, if any, herein.

93. With respect to the allegations contained in Paragraph 93 of the Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and respectfully refers the court to the Syracuse University Code of Student Conduct ("the Code") for its complete content, meaning and application, if any, herein.

94. As the allegations contained in Paragraph 94 of the Amended Complaint call for a legal conclusion, no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 of the Amended Complaint and respectfully refers all questions of law to the Court.

95. With respect to the allegations contained in Paragraph 95 of the Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and respectfully refers the Court to the Syracuse University Code of Student Conduct ("the Code") for its complete content, meaning and application, if any, herein.

96. The allegations contained in Paragraph 96 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required.  To the extent a response is required,

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

97.  The allegations contained in Paragraph 97 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

98.  The allegations contained in Paragraph 98 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

**THE SIGMA CHI FRATERNITY DEFENDANTS ARE ALTER EGOS: DEFENDANT SIGMA CHI COMPLETELY CONTROLS THE ENTITIES AND THEIR ASSETS AND OPERATIONS ON CAMPUS AND HAS INTENTIONALLY UNDERCAPITALIZED ITS CHAPTER TO HINDER THE <u>CLAIMS OF CREDITORS LIKE PLAINTIFF</u>**

99.  With respect to the allegations contained in Paragraph 99 of the Amended Complaint, Defendant admits the allegation in the first sentence of Paragraph 99 but denies the allegation that Plaintiff was raped. Defendant otherwise respectfully refers the Court to the "Governing Law" for its full content, meaning and application, if any herein.

100.  With respect to the allegations contained in Paragraph 100 of the Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and respectfully refers the Court to the "Governing Law" for its full content, meaning and application, if any, herein.

101.  With respect to the allegations contained in Paragraph 101 of the Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations

contained in this paragraph, and respectfully refers the Court to the "Governing Law" for its full content, meaning and application, if any, herein.

102. With respect to the allegations contained in Paragraph 102 of the Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and respectfully refers the Court to the "Governing Law" for its full content, meaning and application, if any, herein.

103. With respect to the allegations contained in Paragraph 103 of the Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and respectfully refers the Court to the "Governing Law" for its full content, meaning and application, if any, herein.

104. With respect to the allegations contained in Paragraph 104 of the Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and respectfully refers the Court to the "Governing Law" for its full content, meaning and application, if any, herein.

105. With respect to the allegations contained in Paragraph 105 of the Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and respectfully refers all questions of law to the Court.

106. With respect to the allegations contained in Paragraph 106 of the Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and respectfully refers all questions of law to the Court.

107. The allegations contained in Paragraph 107 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required.  To the extent a response is required,

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

108. The allegations contained in Paragraph 108 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

109. The allegations contained in Paragraph 109 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

110. The allegations contained in Paragraph 110 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

111. The allegations contained in Paragraph 111 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

112. The allegations contained in Paragraph 112 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

113. The allegations contained in Paragraph 113 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

114. The allegations contained in Paragraph 114 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

115. The allegations contained in Paragraph 115 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

116. The allegations contained in Paragraph 116 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

117. The allegations contained in Paragraph 117 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

**THE SORORITY DEFENDANTS ARE ALTER EGOS: DEFENDANT TRI DELTA COMPLETELY CONTROLS THE ENTITIES AND THEIR ASSETS AND OPERATIONS ON CAMPUS AND UNDERCAPITALIZES ITS CHAPTERS TO HINDER <u>THE CLAIMS OF CREDITORS LIKE PLAINTIFF</u>**

118. The allegations contained in Paragraph 118 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required.  To the extent a response is required, Defendant denies the allegation that Plaintiff was raped, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial. Defendant further respectfully refers the Court to the referenced "Bylaw provisions" for their full content, meaning and application, if any, herein.

119. The allegations contained in Paragraph 119 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required.  To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial. Defendant further respectfully refers the Court to the referenced "Bylaw provisions" for their full content, meaning and application, if any, herein.

120. The allegations contained in Paragraph 120 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required.  To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial. Defendant further respectfully refers the Court to the referenced "Bylaw provisions" for their full content, meaning and application, if any, herein.

121. The allegations contained in Paragraph 121 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required.  To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations

contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial. Defendant further respectfully refers the Court to the referenced "Bylaw provisions" for their full content, meaning and application, if any, herein.

122. The allegations contained in Paragraph 122 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial. Defendant further respectfully refers the Court to the referenced "Bylaw provisions" for their full content, meaning and application, if any, herein.

123. The allegations contained in Paragraph 123 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial. Defendant further respectfully refers the Court to the referenced "Bylaw provisions" for their full content, meaning and application, if any, herein.

124. The allegations contained in Paragraph 124 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial. Defendant further respectfully refers the Court to the referenced "Bylaw provisions" and "Collegiate Chapters" for their full content, meaning and application, if any, herein.

125. The allegations contained in Paragraph 125 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required. To the extent a response is required,

26

Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial. Defendant further respectfully refers the Court to the referenced "Bylaw provisions" and "Collegiate Chapters" for their full content, meaning and application, if any, herein.

126. The allegations contained in Paragraph 126 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required.  To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial. Defendant further respectfully refers the Court to the referenced "Collegiate Chapters" for their full content, meaning and application, if any, herein.

127. The allegations contained in Paragraph 127 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required.  To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial. Defendant further respectfully refers the Court to the referenced "Collegiate Chapters" and agreements with the "MJ Insurance Sorority Division" for their full content, meaning and application, if any, herein.

128. The allegations contained in Paragraph 128 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required.  To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial. Defendant further respectfully refers the Court to the referenced insurance policies and "exclusions" for their full content, meaning and application, if any, herein.

129. The allegations contained in Paragraph 129 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required.  To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial. Defendant further respectfully refers the Court to the referenced insurance policies and "exclusions" for their full content, meaning and application, if any, herein.

130. The allegations contained in Paragraph 130 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required.  To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

131. The allegations contained in Paragraph 131 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required.  To the extent a response is required, Defendant knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

132. The allegations contained in Paragraph 132 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required.  To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

133. As the allegations contained in Paragraph 133 of the Amended Complaint call for a legal conclusion, no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133 of the Amended Complaint and respectfully refers all questions of law to the Court.

134. The allegations contained in Paragraph 134 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required.  To the extent a response is required, Defendant denies lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

135. The allegations contained in Paragraph 135 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required.  To the extent a response is required, Defendant denies lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

**AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION**
***Negligence, Negligent Breach of Assumed Duties, Hazing / Negligence Per Se,***
***Willful and Wanton Misconduct***
**(As Against Fraternity Defendants)**

136. Answering Paragraph 136 of the Amended Complaint, Defendant repeats and realleges each and every preceding response as if more fully set forth herein.

137. The allegations contained in Paragraph 137 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required.  To the extent a response is required, Defendant denies the allegation that Plaintiff was raped, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

138. The allegations contained in Paragraph 138 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required.  To the extent a response is required, Defendant denies the allegation that Plaintiff was raped, and otherwise lacks knowledge or information

sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

139. The allegations contained in Paragraph 139 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required.  To the extent a response is required, Defendant denies the allegation that Plaintiff was raped, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

140. The allegations contained in Paragraph 140 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required.  To the extent a response is required, Defendant denies the allegation that Plaintiff was raped, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

141. The allegations contained in Paragraph 141 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required.  To the extent a response is required, Defendant denies the allegation that Plaintiff was raped, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

142. The allegations contained in Paragraph 142 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required.  To the extent a response is required, Defendant denies the allegation that Plaintiff was raped, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

143. As the allegations contained in Paragraph 143 of the Amended Complaint call for a legal conclusion, no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 143 of the Amended Complaint and respectfully refers all questions of law to the Court.

144. As the allegations contained in Paragraph 144 of the Amended Complaint call for a legal conclusion, no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 144 of the Amended Complaint and respectfully refers all questions of law to the Court.

145. As the allegations contained in Paragraph 145 of the Amended Complaint are not directed to Defendant Montalto and call for a legal conclusion, no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 145 of the Amended Complaint and respectfully refers all questions of law to the Court.

146. As the allegations contained in Paragraph 146 of the Amended Complaint are not directed to Defendant Montalto and call for a legal conclusion, no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 146 of the Amended Complaint and respectfully refers all questions of law to the Court.

147. As the allegations contained in Paragraph 147 of the Amended Complaint are not directed to Defendant Montalto and call for a legal conclusion, no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 147 of the Amended Complaint and respectfully refers all questions of law to the Court. Defendant further respectfully refers the Court to the Syracuse University Code

of Student Conduct and the referenced Fraternity Defendants' risk management policies, for their full content, meaning, and application, if any, herein.

148. As the allegations contained in Paragraph 148 of the Amended Complaint are not directed to Defendant Montalto and call for a legal conclusion, no response is necessary. To the extent a response is required, Defendant denies the allegations contained in Paragraph 148 of the Amended Complaint and respectfully refers all questions of law to the Court. Defendant specifically denies the allegation that Plaintiff was raped and suffered damages and losses as a result of the alleged rape.

149. As the allegations contained in Paragraph 149 of the Amended Complaint are not directed to Defendant Montalto and call for a legal conclusion, no response is necessary. To the extent a response is required, Defendant denies the allegations contained in Paragraph 149 of the Amended Complaint and respectfully refers all questions of law to the Court.

## AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION
### *Negligence, Negligent Breach of Assumed Duties, Negligent Misrepresentation, Hazing / Negligence Per Se, Willful and Wanton Misconduct*
**(As Against Sorority Defendants)**

150. Answering Paragraph 150 of the Amended Complaint, Defendant repeats and realleges each and every preceding response as if more fully set forth herein.

151. The allegations contained in Paragraph 151 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required. To the extent a response is required, Defendant denies the allegation that Plaintiff was raped, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

152. The allegations contained in Paragraph 152 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required. To the extent a response is required, Defendant denies the allegation that Plaintiff was raped, and otherwise lacks knowledge or information

sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

153. The allegations contained in Paragraph 153 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required. To the extent a response is required, Defendant denies the allegation that Plaintiff was raped, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

154. The allegations contained in Paragraph 154 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required. To the extent a response is required, Defendant denies the allegation that Plaintiff was raped, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

155. The allegations contained in Paragraph 155 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required. To the extent a response is required, Defendant denies the allegation that Plaintiff was raped, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

156. The allegations contained in Paragraph 156 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required. To the extent a response is required, Defendant denies the allegation that Plaintiff was raped, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

157. The allegations contained in Paragraph 157 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required. To the extent a response is required, Defendant denies the allegation that Plaintiff was raped, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

158. The allegations contained in Paragraph 158 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required. To the extent a response is required, Defendant denies the allegation that Plaintiff was raped, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

159. The allegations contained in Paragraph 159 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required. To the extent a response is required, Defendant denies the allegation that Plaintiff was raped, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

160. The allegations contained in Paragraph 160 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required. To the extent a response is required, Defendant denies the allegation that Plaintiff was raped, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

161. The allegations contained in Paragraph 161 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required. To the extent a response is required, Defendant denies the allegation that Plaintiff was raped, and otherwise lacks knowledge or information

sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

162. The allegations contained in Paragraph 162 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required.  To the extent a response is required, Defendant denies the allegation that Plaintiff was raped, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

163. As the allegations contained in Paragraph 163 of the Amended Complaint call for a legal conclusion, no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 163 of the Amended Complaint and respectfully refers all questions of law to the Court.

164.  As the allegations contained in Paragraph 164 of the Amended Complaint call for a legal conclusion, no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 164 of the Amended Complaint and respectfully refers all questions of law to the Court.

165. As the allegations contained in Paragraph 165 of the Amended Complaint call for a legal conclusion, no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 165 of the Amended Complaint and respectfully refers all questions of law and precedent to the Court.

166. As the allegations contained in Paragraph 166 of the Amended Complaint call for a legal conclusion, no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 166 of the Amended Complaint and respectfully refers all questions of law to the Court. Defendant further

respectfully refers the Court to the Syracuse University Code of Student Conduct and the referenced Sorority Defendants' risk management policies, for their full content, meaning, and application, if any, herein.

167. As the allegations contained in Paragraph 167 of the Amended Complaint are not directed to Defendant Montalto and call for a legal conclusion, no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 167 of the Amended Complaint and respectfully refers all questions of law to the Court. Defendant further respectfully refers the Court to the Syracuse University Code of Student Conduct and the referenced Sorority Defendants' risk management policies, for their full content, meaning, and application, if any, herein.

168. As the allegations contained in Paragraph 168 of the Amended Complaint are not directed to Defendant Montalto and call for a legal conclusion, no response is necessary. To the extent a response is required, Defendant denies the allegations contained in Paragraph 168 of the Amended Complaint and respectfully refers all questions of law to the Court. Defendant specifically denies the allegation that Plaintiff was raped and suffered damages and losses as a result of the alleged rape.

169. As the allegations contained in Paragraph 169 of the Amended Complaint are not directed to Defendant Montalto and call for a legal conclusion, no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 169 of the Amended Complaint and respectfully refers all questions of law to the Court.

**AS AND FOR AN ANSWER TO THE THIRD CAUSE OF ACTION**
*Negligence, Negligent Breach of Assumed Duties, and Negligent Misrepresentation*
**(As Against Syracuse University)**

170. Answering Paragraph 170 of the Amended Complaint, Defendant repeats and realleges each and every preceding response as if more fully set forth herein.

171. The allegations contained in Paragraph 171 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required. To the extent a response is required, Defendant denies the allegation that Plaintiff was raped, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

172. The allegations contained in Paragraph 172 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required. To the extent a response is required, Defendant denies the allegation that Plaintiff was raped, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

173. The allegations contained in Paragraph 173 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required. To the extent a response is required, Defendant denies the allegation that Plaintiff was raped, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

174. The allegations contained in Paragraph 174 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required. To the extent a response is required, Defendant denies the allegation that Plaintiff was raped, and otherwise lacks knowledge or information

sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

175. The allegations contained in Paragraph 175 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required.  To the extent a response is required, Defendant denies the allegation that Plaintiff was raped, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

176. The allegations contained in Paragraph 176 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required.  To the extent a response is required, Defendant denies the allegation that Plaintiff was raped, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

177. The allegations contained in Paragraph 177 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required.  To the extent a response is required, Defendant denies the allegation that Plaintiff was raped, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

178. The allegations contained in Paragraph 178 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required.  To the extent a response is required, Defendant denies the allegation that Plaintiff was raped, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

179. The allegations contained in Paragraph 179 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required.  To the extent a response is required, Defendant denies the allegation that Plaintiff was raped, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

180. With respect to allegations contained in Paragraph 180 of the Amended Complaint, Defendant respectfully refers all questions of law to the Court and specifically denies the allegation that Plaintiff was raped. With respect to the allegation in the last sentence of Paragraph 180 of the Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation.

181. The allegations contained in Paragraph 181 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required.  To the extent a response is required, Defendant denies the allegation that Plaintiff was raped, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

182. As the allegations contained in Paragraph 182 of the Amended Complaint are not directed to Defendant Montalto and call for a legal conclusion, no response is necessary. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 182 of the Amended Complaint and respectfully refers all questions of law to the Court.

183. The allegations contained in Paragraph 183 of the Amended Complaint are not directed to Defendant Montalto and accordingly no answer is required, and Defendant denies the allegation that Plaintiff was raped and otherwise lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph, and Plaintiff is otherwise left strictly to her proofs at the time of trial.

184. As the allegations contained in Paragraph 184 of the Amended Complaint are not directed to Defendant Montalto and call for a legal conclusion, no response is necessary. To the extent a response is required, Defendant denies the allegations contained in Paragraph 184 of the Amended Complaint including the allegation that Plaintiff was raped and suffered damages and losses as a result of the alleged rape, and respectfully refers all questions of law to the Court.

### AS AND FOR AN ANSWER TO THE FOURTH CAUSE OF ACTION
*Sexual Assault, Battery, Intentional Infliction of Extreme Emotional Distress*
**(As Against Defendant Montalto)**

185. Defendant denies the allegations contained in Paragraph 185 of the Amended Complaint.

186. Defendant denies the allegations contained in Paragraph 186 of the Amended Complaint and states further that at all times during the alleged encounter between Defendant and Plaintiff, Plaintiff and Defendant acted consensually.

187. Defendant denies the allegations contained in Paragraph 187 of the Amended Complaint and states further that at all times during the alleged encounter between Defendant and Plaintiff, Plaintiff and Defendant acted consensually, and that Defendant ceased any further sexual activity or contact with Plaintiff when she told him that she wanted to stop. Defendant specifically denies that he raped Plaintiff or that he penetrated her vagina with his penis.

188. Defendant denies the allegations contained in Paragraph 188 of the Amended Complaint.

189. Defendant denies the allegations contained in Paragraph 189 of the Amended Complaint and states that at all times during the alleged encounter between Defendant and Plaintiff, Plaintiff and Defendant acted consensually.

190. Defendant denies the allegations contained in Paragraph 190 of the Amended Complaint.

## GENERAL DENIAL

191. Except as otherwise expressly stated in Paragraphs 1 through 190 above, Defendant Montalto denies each and every material allegation contained in Paragraphs 1 through 190 of the Amended Complaint, including without limitation, headings and introductory paragraphs contained in the Amended Complaint. Defendant further denies any liability to Plaintiff, denies that Plaintiff suffered any damages that Defendant is responsible for, and denies that Plaintiff is entitled to any relief against him. Defendant Montalto reserves the right to amend or supplement this Answer, including, but not limited to, the defenses and affirmative defenses set forth herein.

## AFFIRMATIVE DEFENSES

By alleging defenses herein, Defendant Montalto does not intend to alter the burden of proof and/or burden of going forward with the evidence that otherwise exists with respect to any particular issue at law or in equity. All defenses are pleaded in the alternative, and do not constitute an admission of liability or as to whether Plaintiff is entitled to any relief whatsoever.

## FIRST AFFIRMATIVE DEFENSE

192. The Amended Complaint fails to state a claim upon which relief may be granted against Defendant Montalto.

## SECOND AFFIRMATIVE DEFENSE

193. If Plaintiff sustained injuries and incurred any expenses as claimed, they were caused in whole or in part by the acts or omissions of others for whom Defendant Montalto is not responsible and whom Defendant does not manage, control, direct, supervise or employ, and Defendant seeks a dismissal or reduction in any recovery that may be had by Plaintiff in proportion with the culpable conduct, attributable to other persons, bears to the entire measure of responsibility for the damages and losses alleged.  is not responsible.

## THIRD AFFIRMATIVE DEFENSE

194.    Plaintiff's causes of action and/or parts or periods alleged by the Plaintiff in the Amended

Complaint are time-barred under the applicable statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

195.    Plaintiffs' claims under the Adult Survivors Act are barred to the extent the Adult Survivors

Act is found to violate the constitutions of the United States and/or New York State.

## FIFTH AFFIRMATIVE DEFENSE

196.    All of the interactions, including sexual contact, alleged by the Plaintiff to have taken place

between Plaintiff and Defendant were permitted, wanted, welcomed and consented to by Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

197.    Defendant did not breach any duty owed to Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

198.    Plaintiff's claims are barred in part because she did not suffer severe emotional distress.

## EIGHT AFFIRMATIVE DEFENSE

199.    Plaintiff's alleged damages and injury were not a foreseeable result of the Parties' consensual

conduct.

200.    Defendant reserves the right to amend his answer to add additional affirmative defenses or to

delete or withdraw affirmative defenses after reasonable opportunity for discovery as appropriate.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendant Montalto demands

a trial by jury of all issues triable of right by jury.

WHEREFORE, Defendant Montalto hereby demands judgment dismissing the Amended Complaint herein, with prejudice, together with such other and further relief as this Court may deem just and proper.

Dated: January 29, 2024

**LYNN OCCHIPINTI, LLP**

By: _____

Frank S. Occhipinti
90 Broad Street, 10th Floor
New York, NY 10004
Tel. (212) 239-5500
focchipinti@lynnocch.com
Bar Roll #705076
*Attorneys for Defendant*
*Michael Montalto*

43

## CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2024, I electronically filed the foregoing with the Clerk of Court, to be served on all parties of record via the CM/ECF system.

LYNN OCCHIPINTI, LLP

By:

Frank S. Occhipinti
90 Broad Street, 10th Floor
New York, NY 10004
Tel. (212) 239-5500
focchipinti@lynnocch.com
Bar Roll #705076
*Attorneys for Defendant*
*Michael Montalto*

44