IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **JANE DOE**, *proceeding by pseudonym* | PROPOSED ORDER |
| Plaintiff, | Civ. Action No.: 5:23-cv-1452 (BKS/ML) |
| v. | |
| **SIGMA CHI INTERNATIONAL FRATERNITY, INCORPORATED**, et al., | |
| Defendants. | |

### PROPOSED ORDER GRANTING PLAINTIFF LEAVE TO PROCEED BY THE PSEUDONYM "JANE DOE"

On November 17, 2023, Plaintiff commenced the above-captioned action under the pseudonym Jane Doe. (ECF No. 1.) In her original Complaint, Plaintiff asserted claims against Sigma Chi International Fraternity, Incorporated; the Psi Psi Chapter of Sigma Chi International Fraternity; the Sigma Chi Foundation; 737 Comstock Avenue, Inc.; Delta Delta Delta; the Omicron Chapter of Delta Delta Delta; Syracuse University; and an individual defendant whom Plaintiff initially referred to by the pseudonym John Roe.

Plaintiff filed an Amended Complaint on November 20, 2023 ("FAC"), naming the individual defendant by his true name. (ECF No. 5.) On November 21, 2023, Plaintiff filed an ex parte motion to proceed by pseudonym. (ECF No. 7.) The Court denied Plaintiff's ex parte motion without prejudice. (ECF No. 9.) On December 26, 2023, the Court entered a Text Order directing the parties "to confer regarding Plaintiff proceeding under a pseudonym and file by 1/29/2024 either, (1) an appropriate stipulation … if the parties are able to agree, or (2) if the

1

parties are unable to stipulate, Plaintiff shall file a motion to proceed by pseudonym." (ECF No. 31.)

On January 29, 2024, the parties filed a joint stipulation to allow Plaintiff to proceed by pseudonym, which is currently before the Court for consideration. (ECF No. 53.)

### I.  Relevant Legal Standards

As the Court stated in its December 26, 2024 Order, the Federal Rules of Civil Procedure mandate that "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). Rule 10(a) of the Federal Rules of Civil Procedure provides that "[t]he title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). These rules are intended to further the fundamental right of public access to the courts. That right, sometimes referred to as a presumption of access, is rooted in our nation's history. *See United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("Amodeo I"); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).

Nevertheless, courts have recognized a narrowly-crafted exception to requiring disclosure of party identities in cases that implicate individual privacy concerns. *See Doe v. City of N.Y.*, 201 F.R.D. 100, 101 (S.D.N.Y. 2001). In the case *Sealed Plaintiff v. Sealed Defendant*, the Second Circuit established a list of ten, non-exhaustive factors that courts should consider when determining whether to permit a party to proceed anonymously. *See Sealed Plaintiff*, 537 F.3d at 190.

The ten non-exhaustive factors set forth in *Sealed Plaintiff* that are as follows:

1) whether the litigation involves matters that are highly sensitive and of a personal nature;

2) 2) whether identification poses a risk of retaliatory physical or mental harm to the

    party seeking to proceed anonymously or even more critically, to innocent non-parties;

3) whether identification presents other harms and the likely severity of those harms;

4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure;

5) whether the suit is challenging the actions of the government or that of private parties;

6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;

7) whether the plaintiff's identity has thus far been kept confidential;

8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity;

9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypical weak public interest in knowing the litigants' identities; and

10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*See Sealed Plaintiff,* 537 F.3d at 190. The Second Circuit emphasized that district courts may consider "other factors relevant to the particular case." *Id.*

  **II.**  **Application of the *Sealed Plaintiff v. Sealed Defendant* Factors**

  As to the first factor, courts examine whether the litigation involves matters that are highly sensitive and of a personal nature. *See Sealed Plaintiff,* 537 F.3d at 190. This case involves very intimate details of an alleged rape and the mental and emotional harm and injuries that Plaintiff alleges she has suffered as a result.

While not dispositive, courts in this Circuit have recognized that cases involving campus sexual assault and rape are highly sensitive and personal by nature and have routinely allowed victims and survivors to proceed by pseudonym. *See, e.g., Doe v. Hagenbrook*, 870 F.3d 36, n.2 (2d Cir. 2017) (discussing district court's decision to allow campus rape victim to proceed by pseudonym against two superior officers for failures in responding and preventing sexual assault at military college); *Doe v. Smith,* No. 19-CV-1121, 2019 US Dist. LEXIS 205707, at *3-4 (N.D.N.Y. Nov. 27, 2019) (allowing adult campus sexual assault victim to proceed anonymously); *Doe v. Trustees of Columbia Univ. in N.Y.*, No. 18-cv-07831, 2018 US Dist. LEXIS 184310 (S.D.N.Y. Oct. 26, 2018) (permitting adult sexual assault victim to proceed pseudonymously); *Doe v. AMDA, Inc.*, No. 16-cv-101, 2016 US Dist. LEXIS 23001, at *2 (S.D.N.Y. Feb. 25, 2016) (allowing adult sexual assault victim to sue drama academy pseudonymously); *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 199 (E.D.N.Y. 2006) (allowing adult sexual assault victim to proceed anonymously against religious leaders); *Doe v. Syracuse Univ.*, No. 18-CV-0496, 2018 US Dist. LEXIS 154899 (N.D.N.Y. Sep. 10, 2018) (allowing male students accused of racism, sexism, anti-Semiticism, and homophobia in connection with a fraternity ritual to proceed anonymously); *Doe v. Colgate Univ.*, No. 15-cv-1069, 2016 US Dist. LEXIS 48787, at * 6 (N.D.N.Y. Apr. 12, 2016) (allowing anonymity in campus assault case and noting that "the Court finds that protecting the anonymity of sexual assault victims and those accused of committing sexual assault can be an important safeguard to ensure that the due process rights of all parties are protected."). This factor weighs in favor of permitting Plaintiff to proceed by pseudonym.

The second, third, and fourth *Sealed Plaintiff* factors address the particular risks of harm to the party seeking anonymity, including the retaliatory physical or mental harm to the

party seeking anonymity, or more critically, to innocent non-parties (second factor); the risk of other harms and the likelihood of those risks (third factor); and whether the plaintiff is particularly vulnerable to the risks of disclosure (fourth factor).

In this case, Plaintiff has provided a declaration with the parties' stipulation, in which Plaintiff declares, under penalty of perjury, that she suffers from general anxiety disorder, depression, and Post-Traumatic Stress Disorder. (ECF No. 53 #1, Doe Decl. ¶ 14.) Plaintiff also articulates a specific concern that her mental health will suffer if her true name is exposed, and she describes how she faced retaliation and struggled emotionally and academically after her allegations of sexual assault were reported on the front page of her university's newspaper a few days after her alleged assault. (Doe Decl. ¶¶ 6, 12, 17; FAC ¶¶ 13-14.)

While general concerns over mental health challenges in connection with litigation may not suffice to safeguard a party's identity, Plaintiff has also provided a declaration from her therapist, Sarah Dimock, who indicates that based on her professional opinion and experience, publicly revealing Plaintiff's name in connection with the lawsuit is highly likely to trigger symptoms stemming from Plaintiff's mental health diagnoses. (ECF No. 53 #2, Dimock Decl. ¶ 8.)

Plaintiff further identifies that she has a minor child and states that when her mental health conditions are triggered, she is typically unable to care for her family or parent her child. (Doe Decl. ¶ 19; Dimock Decl. 11) Courts have recognized harm to a plaintiff's family as a reason militating in favor of anonymity. *See Lawson*, No. 17-cv-6404, 2017 US Dist. LEXIS 237868, at *6 (E.D.N.Y. Nov. 8, 2017) (allowing anonymity where one plaintiff "has a

5

young child and another states that she is raising older children, all of whom could be affected if plaintiffs' identities were revealed.")

Given the specificity of the harms Plaintiff has identified, and the supporting declaration from her therapist, the Court finds that the *Sealed Plaintiff* factors two through four weigh in favor of protecting Plaintiff's anonymity.

As to the fifth *Sealed Plaintiff* factor, generally, "whether the defendants are governmental entities is significant because a challenge to governmental policy ordinarily implicates a public interest and the government has less of a concern with protecting its reputation than a private individual." *Doe No. 2 v. Kolko,* 242 F.R.D. 193, 195 (E.D.N.Y. 2006); *Doe v. City of N.Y.*, 201 F.R.D. at 102 (S.D.N.Y. 2001). The entities in this case are non-governmental entities. The Court finds that the fifth *Sealed Plaintiff* factor does not weigh in favor of permitting Plaintiff to proceed by pseudonym.

The sixth *Sealed Plaintiff* factor examines whether a defendant would be prejudiced by permitting a plaintiff to proceed by pseudonym and "whether the nature of that prejudice (if any) differs at any particular stage of the litigation." *Sealed Plaintiff,* 537 F.3d at 190. Here, the parties have stipulated and agreed that Plaintiff may proceed by pseudonym and have indicated they intend to request the entry of a stipulated protective order so that Defendants may freely conduct discovery while appropriately safeguarding Plaintiff' identity.

As a result, the Court finds that permitting Plaintiff to proceed by pseudonym would not prejudice Defendants at this stage. Moreover, the Court will retain discretion to revisit any ruling permitting Plaintiff to proceed by pseudonym should any of the Defendants raise legitimate concerns of prejudice as this case proceeds. *See, e.g.*, *Doe v. Gooding*, No. 20-cv-06569, 2022 US Dist. LEXIS 68607, at *11 (S.D.N.Y. Apr. 13, 2022) (granting adult sexual

assault victim anonymity, noting that "the Court's decision does not resolve the pseudonym issue for all time" and may be revisited at trial).

The seventh *Sealed Plaintiff* factor asks whether Plaintiff's identity is known to the public or has been kept confidential. Plaintiff states in her declaration that although she reported the rape almost immediately after it happened and the report was covered in the campus newspaper, Plaintiff's name was not publicly revealed in connection with the report. (Doe Decl. ¶¶ 6-8, 16.) This supports a finding that Plaintiff has maintained confidentiality in this case, which weighs in favor of her request to proceed by pseudonym. *See Doe v. Syracuse Univ.*, 2018 U.S. Dist. LEXIS 154899, *22-23 (Sept. 18, 2018) (finding in favor of anonymity even where plaintiffs' identities were revealed on social media and were well known to the Syracuse community, since plaintiffs' identities did not appear to be more "generally known.")

The eighth *Sealed Plaintiff* factor considers whether disclosing Plaintiff's identity furthers the public interest. *See Sealed Plaintiff*, 537 F.3d at 190. While campus sexual assault is a matter of public concern, Plaintiff's First Amended Complaint identifies at least sixteen reported sexual assault cases connected to Sigma Chi, from 1983-2018. (*See* FAC ¶ 76.) The Court finds that the specifics of Plaintiff's allegations, and her true identity, are not unique and are thus of less public importance in a case such as this one. The Court accordingly finds that the eighth *Sealed Plaintiff* factor favors allowing Plaintiff to proceed by pseudonym.

The ninth *Sealed Plaintiff* factor asks whether this case is of a purely legal nature. *See Sealed Plaintiff*, 537 F.3d at 190. As it is not, the Court finds that this factor does not weigh in favor of permitting Plaintiff to proceed by pseudonym.

Finally, the tenth *Sealed Plaintiff* factor asks whether there is an alternative mechanism to safeguard Plaintiff's identity. *See Sealed Plaintiff*, 537 F.3d at 190. The Court finds that there is no practical alternative mechanism, and that this factor favors allowing Plaintiff to safeguard her identity by proceeding by pseudonym.

For the foregoing reasons, and upon consideration of the parties' joint stipulation and the factors set forth in *Sealed Plaintiff v. Sealed Defendant*, 573 F.3d 185 (2d Cir. 2008), the Court finds good cause exists to permit Plaintiff to proceed by pseudonym in this action.

Accordingly, IT IS HEREBY ORDERED that:

1) Plaintiff may proceed under the pseudonym "Jane Doe" in this action; and

2) The parties shall refer to Plaintiff by the pseudonym "Jane Doe" in all public filings in this case.

3) Within ten (10) days of the date of this Order, Plaintiff's counsel shall provide all defense counsel with the following information: Plaintiff's full legal name and any names that she used at the time of the alleged incident; Plaintiff's current address and her address at the time of the alleged incident; the last four digits of Plaintiff's social security number; and Plaintiff's date of birth. Defendants and their counsel shall not include any of this information in any public filings in this action or otherwise publicly disclose this information unless otherwise ordered by this Court.

**SO ORDERED**, this ___5th___ day of ___February___, 2024

Hon. Miroslav Lovric
United States Magistrate Judge